IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC, | |
| Plaintiff, | CIVIL ACTION NO.  2:17-04210 |
| v. | |
| TOWN OF MATEWAN, | |
| Defendant. | |

## Complaint

This is an action, between entities of diverse citizenship, seeking damages in excess of $75,000 arising out of the defendant's breach of a contract, pursuant to 28 U.S.C. § 1332. Plaintiff also seeks pre and post-judgment interest, reasonable attorneys' fees, court costs, and all other damages available under West Virginia law.

**PARTIES**

1. Plaintiff, Veolia Water North America Operating Services, LLC ("Veolia"), is a Delaware limited liability company with its principal place of business in Boston, Massachusetts.

2. Veolia's sole owner and sole member is Veolia Water Americas, LLC, which is a Delaware limited liability company with its principal place of business in Boston, Massachusetts.

3. Veolia Water Americas, LLC's sole owner and sole member is WASCO LLC, which is a Delaware limited liability company with its principal place of business in Boston, Massachusetts.

4. WASCO LLC's sole owner and sole member is Veolia North America, Inc., which is a Delaware corporation with its principal place of business in Wilmington, Delaware.

9376316.2

5. U.S. Filter Operating Services, Inc., a Delaware corporation, changed its name to Veolia Water North America Operating Services, Inc.

6. Veolia is the successor by corporate conversion of Veolia Water North America Operating Services, Inc. to Veolia Water North America Operating Services, LLC.

7. Defendant Town of Matewan is a municipal corporation organized and existing under and by virtue of the laws of West Virginia, situated in Mingo County.

## JURISDICTION AND VENUE

8. This action alleges breach of a contract between parties that are citizens of different states and seeks damages in excess of $75,000. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332.

9. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391 because the contract at issue in this action was executed, performed, and breached within this district.

10. An actual controversy exists between the plaintiff and the defendant.

## BACKGROUND

I. **The Agreement**

11. On November 15, 2001, Veolia (operating at that time as U.S. Filter Operating Services, Inc.) entered into a contract (entitled "Agreement for Operations, Maintenance and Management Services") in writing with defendant Matewan, acting by and through Shelia L. Kessler the mayor, duly authorized by law, a copy of which contract is attached as Exhibit A, and incorporated by reference (hereinafter, "the Agreement").[1]

---

[1] The Agreement also includes the terms set forth in Amendment One, Amendment Two, Amendment Three, Amendment Four, and Amendment Five, which are alleged *infra* at paragraphs 17-26.

12. Pursuant to the Agreement, Veolia agreed to manage, operate, and maintain the following facilities owned by Matewan: a water treatment plant and distribution system, a wastewater treatment plant and collection system, and floodwalls. (See Exhibit A at 1.)

13. The Agreement's initial term ran from November 15, 2001 through June 30, 2016. (See Exhibit A at 14.) Nevertheless, the Agreement authorized Veolia to terminate it "in case of a breach by TOWN for non-payment of [Veolia's] invoices, in which case termination may be immediate by [Veolia], only after allowing the other party thirty (30) days to cure or commence taking reasonable steps to cure the breach." (*Id.* at 14.)

14. Under the Agreement, Veolia's compensation consisted of an "Annual Fee," which was initially set at $413,000 and was subject to negotiation each year. (See Exhibit A at 11.)

15. The Annual Fee was payable in twelve monthly installments for each year the Agreement was in effect with each installment "due and payable on the first of the month for each month that services are provided." (See Exhibit A at 12.)

16. Interest was payable with respect to the Annual Fee as follows:

> TOWN shall pay interest at an annual rate equal to the prime rate stated in the Money Section of the Wall Street Journal, said rate of interest not to exceed any limitation provided by law, on payments not paid and received within forty-five (45) calendar days of the due date, such interest being calculated from the due date of the payment. In the event the charges hereunder might exceed any limitation provided by law, such charges shall be reduced to the highest rate or amount within such limitation.

(Exhibit A at 12.)

**II.  Amendments to the Agreement, Matewan's default and arrearage, Veolia's efforts to collect the arrearage and negotiate a reasonable payment plan, and Matewan's refusal to negotiate a reasonable payment plan in good faith.**

17.  On October 1, 2002, Veolia (then operating as U.S. Filter Operating Services, Inc.) entered into "Amendment One" to the Agreement in writing with defendant Matewan, acting by and through Shelia L. Kessler the mayor, duly authorized by law, a copy of which is attached as Exhibit B, and incorporated by reference (hereinafter, "Amendment One").  In pertinent part, Amendment One deleted and replaced Section 9.2 of the Agreement with the following:  "The Annual Fee shall be $430,692, or $35,891.00 per month."  (Exhibit B.)

18.  On June 29, 2007, Veolia entered into "Amendment Two" to the Agreement in writing with defendant Matewan, acting by and through Shelia L. Kessler the mayor, duly authorized by law, a copy of which is attached as Exhibit C, and incorporated by reference (hereinafter, "Amendment Two").

19.  At the time Amendment Two was executed on June 29, 2007, Matewan then owed Veolia $204,839.27 with respect to various unpaid invoices.  In executing Amendment Two, Matewan acknowledged its unpaid debt to Veolia and agreed to a payment plan.  In pertinent part, Amendment Two states that:

> TOWN currently owes VEOLIA the amount of $204,839.27 in connection with VEOLIA's outstanding invoices numbered 6003139, 6003533, 6003703, 6003763, 6003825 and 6003896 (the "Outstanding Invoices").  As an accommodation to the TOWN, VEOLIA has offered and the TOWN has agreed to pay the $204,839.27 owed to VEOLIA over a 72 month period, applying an 8.75% per interest rate per annum, with monthly payments being made by the TOWN to VEOLIA of $3,666.97 beginning August 1, 2007, and continuing on the first day of every month thereafter (i.e., on the same date that the Annual fee payments are due to VEOLIA under the Agreement) until the entire $204,839.27 amount owed to VEOLIA for the Outstanding Invoices is paid in full.  An amortization schedule of the payments required to be paid by the TOWN under the above payment plan is attached hereto as Exhibit "A".  VEOLIA shall forbear taking any action to recover

>the amounts due on the Outstanding Invoices while the TOWN is making payments to Veolia as provided above.  In the event that TOWN fails for any reason to make the payments required under the above payment plan or the Agreement is terminated for any reason, the payment plan shall be immediately withdrawn and the remaining balance due on the Outstanding Invoices, included accrued interest, shall be immediately due and payable by the TOWN to VEOLIA.  The parties agree that any right that the TOWN may have to terminate the Agreement is conditioned on the payment in full of all amounts owed to VEOLIA on the Outstanding Invoices as provided in this paragraph.

(Exhibit C at 1-2.)

20. On June 30, 2016, Veolia entered into "Amendment Three" to the Agreement in writing with defendant Matewan, acting by and through Shelia L. Kessler the mayor, duly authorized by law, a copy of which is attached as Exhibit D, and incorporated by reference (hereinafter, "Amendment Three").

21. Despite the six-year payment plan adopted by Amendment Two on June 29, 2007, which contemplated the payment in full of Matewan's arrearage by the end of 2013, the amount of Matewan's outstanding arrearage had in fact increased substantially as of June 30, 2016.

22. In executing Amendment Three, Veolia and Matewan agreed to extend the initial term of the Agreement through July 31, 2016 and further agreed that "[p]rior to July 31, 2016, TOWN and VEOLIA shall enter into an amendment to address extension of the Agreement, adjustments to the Annual Fee, and **a payment plan for past invoices due for services and interest charges**."  (Exhibit D at 1 (emphasis added).)

23. On July 12, 2016, Veolia entered into "Amendment Four" to the Agreement in writing with defendant Matewan, acting by and through Shelia L. Kessler the mayor, duly authorized by law, a copy of which is attached as Exhibit E, and incorporated by reference (hereinafter, "Amendment Four").

9376316.2

24. In executing Amendment Four, Veolia and Matewan agreed to extend the initial term of the Contract through September 30, 2016 and further agreed that "[p]rior to September 30, 2016, TOWN and VEOLIA shall enter into an amendment to address extension of the Agreement, adjustments to the Annual Fee, and **a payment plan for past invoices due for services and interest charges**."  (Exhibit E at 1-2 (emphasis added).)

25. On September 13, 2016, Veolia entered into "Amendment Five" to the Agreement in writing with defendant Matewan, acting by and through Shelia L. Kessler the mayor, duly authorized by law, a copy of which is attached as Exhibit F, and incorporated by reference (hereinafter, "Amendment Five").

26. In executing Amendment Five, Veolia and Matewan agreed to extend the initial term of the Agreement through December 31, 2016 and further agreed that "[p]rior to September 30, 2016, TOWN and VEOLIA shall enter into an amendment to address a further extension of the Agreement, adjustments to the Annual Fee, and **a payment plan for past invoices due for services and interest charges**."  (Exhibit F at 1 (emphasis added).)

27. Veolia entered into Amendment Three, Amendment Four, and Amendment Five in an effort, in part, to extend the time to engage in good faith negotiations with Matewan with respect to a mutually acceptable plan for Matewan to satisfy its indebtedness to Veolia.

28. As of February 3, 2017, Matewan had neither executed a further extension of the Agreement nor agreed to a mutually acceptable plan to satisfy its outstanding indebtedness to Veolia, which then amounted to $462,611.74.  (See Exhibit G, Letter of February 3, 2017 from Steven J. Kruger to Sheila L. Kessler, which is incorporated herein by reference.)  As a result, on February 3, 2017, Veolia sent a letter to Matewan's mayor announcing Veolia's decision to

terminate the Agreement and recounting Veolia's efforts to reach a mutually acceptable resolution to Matewan's indebtedness. (See id.) The letter stated, in pertinent part, that it:

> follows regular and repeated efforts by Veolia to obtain some commitment from the Town of Matewan to make payment for its seriously delinquent account. The Town's continued failure to pay and inability to demonstrate any foreseeable likelihood of meeting its requirements under the Agreement necessitates this notice. Accordingly, . . . Veolia hereby provides notice that it will terminate services effective as of 5:00 pm on February 28, 2017. . . . Prior to such effective date, Matewan will notify us on how they will pay the outstanding balance and Veolia will assist the Town as it prepares to assume operation of the Project.
>
> The delinquency has persisted for at least the past 12 years, which I have been aware of. Veolia did not act earlier on its right to terminate allowing the Town time to achieve a rate increase and to fulfill its commitments it made under Amendments 4 and 5 to the Agreement, each of which was designed to specifically acknowledge and address the ongoing default for nonpayment. Not only has the Town continued to default, but the amounts paid to Veolia each year have decreased despite the significant rate increase. **You have made no payment to date in 2017**.
>
> We have continued to cooperate with the Town and attempt resolution, including our recent proposal set forth in Amendment 6, which the Town has not executed. As of the date hereof, the Town's outstanding balance has grown to $462,611.74. We simply cannot continue to bear the burden of incurring all the on-going operational costs without receiving payment for services rendered. Veolia is no longer willing to excuse the Town for its nonperformance under the Agreement.

(Exhibit G (emphasis added).)

29. On February 28, 2017, Veolia formally terminated the Agreement and returned operation of Matewan's water, wastewater, and floodwall systems to Matewan in accordance with the Agreement's terms. (See Exhibit A at 15.)

30. From the last week of February of 2017 through recently, Veolia engaged in various good faith communications with Matewan in an effort to reach a reasonable and mutually acceptable agreement to pay Matewan's outstanding indebtedness to Veolia.

31. Although Matewan has neither disputed that it owes money to Veolia nor the amount of the indebtedness – and has made some payments toward its indebtedness since 2007 through the current time, it has refused to agree to a reasonable payment plan.

32. Matewan's proposals to satisfy its indebtedness to Veolia have been objectively unreasonable based upon the amount of funds held by the town and the various revenues available to it. (See Exhibit H, Letter of May 5, 2017 from Lindsey Sands to Ronald J. Flora, which is incorporated herein by reference ("the Town offered to make a payment of $5,600/month until the total outstanding balance owed to Veolia is paid in full . . . As of today, the Town owes Veolia approximately $450,000 (not including interest), meaning such balance, with interest, would not be paid off for over *nine years*. . . . Veolia is aware that, especially with the most recent rate increase, the Town collects substantially more revenues than Veolia's fee, yet, over time payments to Veolia significantly decreased and eventually stopped. Veolia needs to understand why, despite the increase in revenue to the Town, such an outstanding balance remains.").)

33. Veolia has rejected Matewan's unreasonable payment plan. (See Exhibit I Letter of June 12, 2017 from Lindsey Sands to Ronald J. Flora, which is incorporated herein by reference ("Veolia rejects the Town's payment proposal sent via email on May 18, 2017."); Exhibit J Letter of July 17, 2017 from Lindsey Sands to Ronald J. Flora, which is incorporated herein by reference ("I have been made aware that a payment from the Town of Matewan in the amount of $5,625.95 was posted to Veolia's account, and we expect the Town to continue to make monthly or lump sum payments to reduce its outstanding obligation. In our letter dated June 12, 2018, we previously rejected the Town's proposed payment plan, and receipt of this most recent payment and any future payment shall not be deemed to be acceptance by Veolia of

any offer of settlement nor shall acceptance of such payment serve as accord and satisfaction of any of the Town's obligations under the Agreement.")

34. As of October 23, 2017, Matewan's total indebtedness amounts to $434,533.45.

## COUNT I – BREACH OF CONTRACT

35. The preceding paragraphs of this Complaint are hereby incorporated by reference as if fully set forth herein.

36. On November 15, 2001, Veolia entered into a contract in writing with defendant Matewan, acting by and through Shelia L. Kessler the mayor, duly authorized by law, as amended through a series of amendments – denominated herein as Amendment One, Amendment Two, Amendment Three, Amendment Four, and Amendment Five.

37. Veolia performed all of its duties under the Agreement and has performed and/or satisfied all conditions precedent.

38. Matewan has failed to satisfy its obligations under the Agreement by failing to pay all sums due and owing to Veolia, including interest.

39. As a foreseeable, direct, and proximate cause of Matewan's material breaches, Veolia has suffered damages.

## COUNT II – BREACH OF CONTRACT THROUGH THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

40. The preceding paragraphs of this Complaint are hereby incorporated by reference as if fully set forth herein.

41. West Virginia law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of West Virginia.

42. Matewan breached the covenant of good faith and fair dealing by failing to pay the sums due and owing to Veolia as required by the terms of the Agreement.

43. Matewan further breached the covenant of good faith and fair dealing by failing to reasonably negotiate and reach a payment plan to satisfy its indebtedness commensurate with its financial resources and sources of revenue.

44. As a result of the above-described actions of Matewan, it has violated the implied covenant of good faith and fair dealing contained in the Agreement that is the subject of this action, and as a result of such violation, Veolia is entitled to damages.

45. The actions of Matewan in violation of the implied covenant of good faith and fair dealing have caused Veolia to suffer damages.

### COUNT III – UNJUST ENRICHMENT (IN THE ALTERNATIVE)

46. The preceding paragraphs of this Complaint are hereby incorporated by reference as if fully set forth herein.

47. Veolia provided Matewan with valuable services under the Agreement with the expectation that it would receive payment for its services.

48. Matewan knew, or should have known, that Veolia expected to be paid when Matewan accepted the services provided by Veolia.

49. Matewan has accepted and enjoyed the benefit of the services provided by Veolia.

50. By failing to pay Veolia for its services, Matewan has been unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, Veolia Water North America Operating Services, LLC, prays for judgment against defendant as follows:

    a. Judgment against defendant and in favor of plaintiff for defendant's breach of contract;

    b. Judgment against defendant and in favor of plaintiff for defendant's breach of contract through the implied covenant of good faith and fair dealing;

9376316.2

d.     Judgment against defendant and in favor of plaintiff for compensatory damages, reasonable attorneys' fees, court costs, and pre and post-judgment interest; and

e.     Judgment against defendant and in favor of plaintiff for such other relief as this Court deems appropriate.

Plaintiff further demands a trial by jury.

VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, LLC

By Counsel

/s/ Floyd E. Boone Jr.
Floyd E. Boone Jr. (WVSB 8784)
Patrick C. Timony (WVSB 11717)
Counsel for Plaintiff
BOWLES RICE LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia   25325-1386
Telephone: (304) 347-1100
Facsimile: (304) 347-1756
Email:  fboone@bowlesrice.com

9376316.2